LEXINGTON LAW GROUP
Mark N. Todzo, State Bar No. 168389
Meredyth Merrow, State Bar No. 328337
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
mmerrow@lexlawgroup.com

Attorneys for Plaintiff
VELMA HERNANDEZ

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| VELMA HERNANDEZ, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| HUHTAMAKI, INC. | |
| Defendant. | |

Plaintiff Velma Hernandez ("Plaintiff"), on behalf of herself and those similarly situated, based on information, belief and investigation of their counsel, except for information based on personal knowledge, hereby allege:

**<u>INTRODUCTION</u>**

1.     Defendant Huhtamaki, Inc. ("Defendant") advertises, markets and sells Chinet "eco-friendly" disposable plates and bowls as compostable (the "Products").  A compostable product is one that will entirely break down into usable compost.  The Products, however, contain significant amounts of perfluoroalkyl and polyfluoroalkyl substances ("PFAS"), which do not break down and never become part of usable compost.  Compost is used as soil-conditioning material or fertilizer, so when compost is contaminated with PFAS, the PFAS then contaminate the soil treated or fertilized with that compost.

2.     PFAS are known as forever chemicals because they do not break down over time.  When PFAS are introduced into the environment, they seep into and contaminate both land and water and then never leave.  Once introduced into soil, PFAS contaminate crops grown in the soil and meat farmed from animals that graze there.

3.     Many consumers concerned with the environmental problems associated with the proliferation of trash and waste actively seek to purchase products that are compostable so such products can be introduced into the soil rather than into landfills.  These consumers are willing to pay more for such products, which often cost significantly more than non-compostable alternative products.  Indeed, the Products cost significantly more than non-compostable disposable plates and bowls.

4.     This Complaint seeks to remedy Defendant's unlawful, unfair and deceptive business practices with respect to the advertising, marketing and sales of the Products as compostable, when, in fact, they are not.

5.     Plaintiff purchased the Products in reliance on Defendant's false representations that the Products are compostable.  Plaintiff viewed Defendant's false representations on the labels of the Products.  If Plaintiff had known that the Products were not compostable, Plaintiff would not have purchased the Products and/or would not have paid the premium price for

compostable plates.  Defendant has thus breached its express warranty under the California

Commercial Code § 2313; violated the California Consumers Legal Remedies Act ("CLRA") by

making representations that the Products have characteristics, benefits and qualities which they do

not have and by advertising the Products without the intent to sell them as advertised; and

violated the Business and Profession Code § 17200 based on fraudulent, unlawful and unfair acts

and practices.

6.      Plaintiff and the Class seek an order enjoining Defendant's acts of unfair

competition and other unlawful conduct, an award of damages to compensate them for

Defendant's acts of unfair competition, false and misleading advertising, and breaches of

warranty, and restitution to the individual victims of Defendant's fraudulent, unlawful and unfair

acts and practices.

**PARTIES**

7.      Plaintiff Velma Hernandez is a resident of Stanislaus County, California.  When

given the choice, Plaintiff buys products that are compostable, recyclable or reusable so that she

can minimize her impact on the environment.  Plaintiff purchased the Products from 2013 to 2017

and used the Products approximately four days per week in that time period.  Plaintiff purchased

the Products from Costco Wholesale and Lucky Supermarkets in Sunnyvale, CA and Mountain

View, CA.  Plaintiff purchased the Products for household use and composted them in her home

compost.  Plaintiff specifically selected the Products in reliance on Defendant's representations

that the Products are compostable.  The false representations are located on the labels and other

marketing materials for the Products.  Had Plaintiff known that the Products contained PFAS

chemicals, and thus could not break down in an industrial composting facility, she would not have

purchased the Products.  Instead, she paid considerably more for the Products than she would

have for similar products that are not advertised as compostable.  Plaintiff would purchase the

Products again if they were truly compostable.  Given that PFAS are not an identifiable part of

the Products, Plaintiff will be unable to determine the truthfulness of Defendant's representations

regarding compostability absent imposition of the injunctive relief prayed for in this complaint.

8.      Defendant Huhtamaki, Inc. is a California corporation with its principal place of business in De Soto, Kansas.  Defendant Huhtamaki, Inc. manufactures, distributes and sells the Products in California.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant because Defendant is a corporation or other entity that has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market either through the distribution, sale or marketing of the Products in the State of California or by having facilities located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

10.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11.      **Intradistrict Assignment (L.R. 3-2(c) and (d) and 3.5(b))**:  This action arises in Alameda County, in that a substantial part of the events which give rise to the claims asserted herein occurred in Alameda County.  Pursuant to L.R. 3-2(c), all civil actions which arise in Alameda County shall be assigned to the San Francisco Division or the Oakland Division.

## BACKGROUND FACTS

12.      Due to the overwhelming amount of landfilled waste accumulating in the environment, biodegradable and compostable foodware options have become increasingly popular.  As people look to invest in sustainable alternatives to single-use plastics and packaging, consumers, including Plaintiff, actively seek out products that are compostable, recyclable, or reusable, to prevent the increase in global waste and to minimize their environmental footprints.

13.      The California Business and Professions Code § 17580.5 makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied."  Pursuant to that section, the term "environmental marketing claim" includes any claim contained in the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides").  *Ibid*; *see also* 16 C.F.R. § 260.1, *et seq*. Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a

product or package is compostable." 16 C.F.R. § 260.7(a).  "A marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost…in a safe and timely manner…in an appropriate composting facility…" 16 C.F.R. § 260.7(b).

14.     The Green Guides' definition of "compostable" is consistent with reasonable consumer expectations.  For instance, the dictionary defines the verb "compost" as:  to convert (a material such as plant debris) to compost.  The dictionary defines the noun "compost" as a mixture that consists largely of decayed organic matter and is used for fertilizing and conditioning the land."  Merriam-Webster Dictionary (2020).[1]  Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled, and/or represented as compostable will be converted into usable organic matter that decomposes into fertilizer to condition the land, and that such products will not introduce toxic chemicals into the fertilizer or land.

15.     The Green Guides specifically prohibit marketers from labeling products compostable if those products release toxins into the compost as they break down, noting that "a claim is deceptive if the presence of…toxins prevents the compost from being usable."  16 C.F.R. § 260.7(d), Example 2.

16.     Defendant advertises, markets and sells its Products as compostable, yet the Products contain PFAS, highly persistent synthetic fluorinated chemicals which have been associated with cancer, developmental toxicity, immunotoxicity and other health effects.[2]

17.     PFAS' characteristic carbon-fluorine bonds make them extremely resistant to degradation, even at high temperatures.  And, the most commonly used PFAS have been detected globally in water, soil, sediment, wildlife, and human blood samples.[3]  The strength of the bond

---

[1] Merriam-Webster Dictionary (2020); accessible at: https://www.merriam-webster.com/dictionary/compost; last accessed on: May 16, 2020.

[2] Schaider, L., et al., "Fluorinated Compounds in U.S. Fast Food Packaging" Environ Sci Technol Lett. 2017 ; 4(3): 105–111. doi:10.1021/acs.estlett.6b00435, (August 22, 2018), accessible at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6104644/pdf/nihms983267.pdf, last accessed on May 13, 2020.

[3] *Id*. at p. 2.

DOCUMENT PREPARED
ON RECYCLED PAPER

between carbon and fluorine means that these chemicals do not degrade in the environment.  In fact, according to the National Institute of Environmental Health Sciences, scientists are unable to estimate an environmental half-life for PFAS.[4]  Due to the highly persistent nature of these chemicals they break down very slowly, if at all, in the environment and in human bodies.[5]

18.     Because PFAS do not break down, they accumulate in air, soil, water and in the human body.  One report by the Centers for Disease Control and Prevention National Health and Nutrition Examination Survey found PFAS in the blood of 97 percent of Americans.[6]

19.     PFAS were created to be resistant to grease, oil, water, and heat, for use in non-stick cookware.[7]  Due to the grease and water-resistant properties of fluorinated compounds, PFAS are often intentionally added to paper plates, bowls, food storage and packaging products (together, "foodware"), including the Products.  This leads to increased PFAS exposure in humans and in the environment.  For products sold as compostable containing PFAS, there is the added concern that PFAS will seep into the ground and soil, contaminating otherwise-usable compost streams.  According to experts, fluorinated food contact materials are a source of PFAS in the environment, and because of their environmental persistence "PFASs should be considered incompatible with compostable food packaging."[8]

20.     A recent study of sixteen replacement fluorinated compounds used in foodware, conducted by the Center for Environmental Health, showed that some PFAS can act like the

---

[4] National Institute of Environmental Health Sciences, accessible at: https://www.niehs.nih.gov/health/topics/agents/pfc/index.cfm, last accessed on May 5, 2020.

[5] U.S. Environmental Protection Agency, "PFOA, PFOS and Other PFASs", accessible at: https://www.epa.gov/pfas/basic-information-pfas, last accessed on May 5, 20202.  *See also* Center for Environmental Health, "Avoiding Hidden Hazards" January 2018 (revised April 2018), at p. 3.

[6] National Institute of Environmental Health Sciences, accessible at: https://www.niehs.nih.gov/health/topics/agents/pfc/index.cfm, last accessed on May 5, 2020.

[7] U.S. Food & Drug Administration "Per and Polyfluoroalkyl Substances (PFAS)", accessible at: https://www.fda.gov/food/chemicals/and-polyfluoroalkyl-substances-pfas, last accessed on May 5, 2020.

[8] Schaider, L., et al., "Fluorinated Compounds in U.S. Fast Food Packaging" Environ Sci Technol Lett. 2017 ; 4(3): 105–111. doi:10.1021/acs.estlett.6b00435, (August 22, 2018), accessible at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6104644/pdf/nihms983267.pdf, last accessed on May 13, 2020 at p. 8.

DOCUMENT PREPARED ON RECYCLED PAPER

hormone estrogen, while others cause liver damage in animal studies.[9]  These fluorinated compounds can move from foodware into water and other liquids.[10]  Foodware containing PFAS can also contaminate food items.  Worse yet, for contaminated foodware products that are compostable, PFAS can leach from the product into the compost stream, contaminating the compost itself and organic matter grown using that composted material.

21.     There is evidence that exposure to PFAS can lead to a number of adverse health effects, including, but not limited to reproductive and developmental, liver and kidney and immunological effects in laboratory animals.[11]  The most consistent findings from human epidemiology studies are related to infant birth weights, effects on the immune system, cancer and thyroid hormone disruption.[12]

22.     Over the past two decades, PFAS have come under increasing scrutiny from toxicologists, ecologists and regulators given their persistence and connection to serious potential health effects.[13]

23.     Humans are exposed to PFAS by consuming PFAS-contaminated water and food as well as through the use of products that contain PFAS.

24.     The claims made by Defendant that the Products are compostable are uniform, consistent, and material.  The Product packaging includes a green leaf with the words "eco-friendly" and "made from RECYCLED MATERIAL AND COMPOSTABLE."  Because the claims are false and misleading, ordinary consumers, including members of the Class, are likely to be deceived by such representations.

---

[9] Center for Environmental Health, "Avoiding Hidden Hazards" January 2018 (revised April 2018) at p. 7.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at p. 3.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

See Product label below:



2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25.     By encouraging consumers to place the Products in their compost collection bins, Defendant is contaminating entire compost streams with toxic materials that will not break down over time—contaminating otherwise-usable and sustainable compost streams.  These Products are then mixed with other composted materials in an industrial composting facility and turned into soil fertilizer for crops and other foods.  However, the PFAS will remain, thus contaminating the crops grown in that soil.  Environmentally motivated consumers who purchase the Products in the belief that they are compostable are thus unwittingly hindering sustainable composting efforts.

26.     The Green Guides are clear: "[a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break

1  down into, or otherwise become part of, usable compost (e.g., soil-conditioning material, mulch)

2  in a safe and timely manner (i.e., in approximately the same time as the materials with which it is

3  composted) in an appropriate composting facility, or in a home compost pile or device." 16

4  C.F.R. § 260.7(b).  Here, the Products are not compostable because they are made with PFAS,

5  which cannot break down over time.  Defendant's marketing of the Products as compostable is

6  thus a direct violation of the Green Guides.  Because the Products are not compostable,

7  Defendant's representations are thus per se deceptive under the Green Guides and under

8  California law.

9  ## CLASS ACTION ALLEGATIONS

10      27.    Plaintiff brings this suit individually and as a class action pursuant to Federal Rule

11  of Civil Procedure Rule 23, on behalf of herself and the following Class of similarly situated

12  individuals:

13        All persons who purchased the Products in California during the

14        applicable statute of limitations period (the "Class").  Specifically

15        excluded from the Class are Defendant; the officers, directors or

16        employees of Defendant; any entity in which Defendant has a

17        controlling interest; and any affiliate, legal representative, heir or

18        assign of Defendant.  Also excluded are any judicial officer

19        presiding over this action and the members of his/her immediate

20        family and judicial staff, and any juror assigned to this action.

21      28.    Plaintiff is unable to state the precise number of potential members of the proposed

22  Class because that information is in the possession of Defendant.  However, the number of Class

23  members is so numerous that joinder would be impracticable for purposes of Rule 23(a)(1).  The

24  exact size of the proposed Class and the identity of its members will be readily ascertainable from

25  the business records of Defendant and Defendant's retailers as well as Class members' own

26  records and evidence.  The disposition of the claims of the members of the Class in this class

27  action will substantially benefit both the parties and the Court.

28

29.     There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class for purposes of Rule 23(a)(2), including whether Defendant's labels, advertisements and packaging include uniform misrepresentations that misled Plaintiff and the other members of the Class to believe the Products are compostable when they are not.  Proof of a common set of facts will establish the liability of Defendant and the right of each member of the Class to relief.

30.     Plaintiff asserts claims that are typical of the claims of the entire Class for purposes of Rule 23(a)(3).  Plaintiff and all members of the Class have been subjected to the same wrongful conduct because they have purchased the Products that are labeled and sold as plates and bowls that are compostable, when they are not in fact compostable.

31.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class for purposes of Rule 23(a)(4).  Plaintiff has no interests antagonistic to those of other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and have retained counsel experienced in complex litigation of this nature to represent them.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

32.     Class certification is appropriate under Rule 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief, is appropriate respecting the Class as a whole.  Defendant utilizes advertising campaigns that include uniform misrepresentations that misled Plaintiff and the other members of the Class.

33.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class.  These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to the following:

a.   whether Defendant advertises and markets the Products by representing that the Products are compostable;

b.   whether the Products contain PFAS;

DOCUMENT PREPARED
ON RECYCLED PAPER

c. whether the Products are compostable as advertised and labeled by Defendant;

d. whether Defendant's marketing, advertising and labeling claims regarding the compostability of the Products are likely to deceive a reasonable consumer;

e. whether Defendant's representations regarding the compostability of the Products are likely to be read and understood by a reasonable consumer;

f. whether Defendant's representations regarding the compostability of the Products violate the Green Guides;

g. whether Defendant's claims regarding the compostability of the Products would be material to a reasonable consumer of the Products;

h. whether Defendant's conduct in advertising, marketing and labeling of the Products constitutes a violation of California consumer protection laws;

i. whether Defendant's representations concerning the Products constitute express warranties with regard to the Products;

j. whether Defendant breached the express warranties it made with regard to the Products;

k. whether Defendant has been unjustly enriched from the sale of the Products; and

l. whether Plaintiff and the Class members are entitled to injunctive, equitable and monetary relief.

34.     Defendant utilizes marketing, advertisements and labeling that include uniform misrepresentations that misled Plaintiff and the other members of the Class.  Defendant's claims regarding the compostability of the Products are one of the most prominent features of Defendant's marketing, advertising and labeling of the Products.  Nonetheless, the Products are not in fact compostable.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

35.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Class members have suffered and will suffer irreparable harm and damages as a

result of Defendant's wrongful conduct.  Because of the nature of the individual Class members'

claims, few, if any, could or would otherwise afford to seek legal redress against Defendant for

the wrongs complained of herein, and a representative class action is therefore appropriate, the

superior method of proceeding, and essential to the interests of justice insofar as the resolution of

Class members' claims are concerned.  Absent a representative class action, members of the Class

would continue to suffer losses for which they would have no remedy, and Defendant would

unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by

individual members of the Class, the resulting multiplicity of lawsuits would cause undue

hardship, burden and expense for the Court and the litigants, as well as create a risk of

inconsistent rulings which might be dispositive of the interests of the other members of the Class

who are not parties to the adjudications or may substantially impede their ability to protect their

interests.

## **FIRST CAUSE OF ACTION**

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Allege Violations of California Business & Professions Code § 17200, *et seq*.
Based on Commission of Unlawful Acts)**

36.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 35 of

this Complaint.

37.     The violation of any law constitutes an unlawful business practice under Business

& Professions Code § 17200.

38.     Defendant's conduct violates California Business & Professions Code § 17580.5,

which makes it unlawful for any person to make any untruthful, deceptive or misleading

environmental marketing claim.  Pursuant to § 17580.5, the term "environmental marketing

claim" includes any claim contained in the Green Guides.  16 C.F.R. § 260.1, *et seq.*  Under the

Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or

package is compostable.  A marketer claiming that an item is compostable should have competent

and reliable scientific evidence that all the materials int eh item will break down into, or

otherwise become part of, usable compost (e.g., soil-conditioning material, mulch) in a safe and

DOCUMENT PREPARED
ON RECYCLED PAPER

timely manner (i.e., in approximately the same time as the materials with which it is composted) in an appropriate composting facility, or in a home compost pile or device.  A marketer should clearly and prominently qualify compostable claims to the extent necessary to avoid deception if: (1) the item cannot be composted safely or in a timely manner in a home compost pile or device; or (2) the claim misleads reasonable consumers about the environmental benefit provided when the item is disposed of in a landfill." 16 C.F.R. § 260.7(a)-(c).  By misrepresenting that the Products are compostable as described above, Defendant is violating Business & Professions Code § 17580.5.

39.     As detailed more fully in the paragraphs below, the acts and practices alleged herein were intended to or did result in the sale of the Products in violation of the CLRA, California Civil Code §1750, *et seq*., and specifically California Civil Code § 1770(a)(5), § 1770(a)(7) and § 1770(a)(9).

40.     Defendant's conduct also violates Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or effecting commerce.  By misrepresenting that the Products are compostable, Defendant is violating Section 5 of the FTC Act.

41.     Defendant's conduct also violates California Business & Professions Code § 17500, which prohibits knowingly making, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or to induce the public to purchase a product.  By misrepresenting that the Products are compostable, Defendant is violating Business & Professions Code § 17500.

42.     Defendant's conduct is also a breach of warranty.  Defendant's representations that the Products are compostable constitute affirmations of fact made with regard to the Products, as well as descriptions of the Products, that are part of the basis of the bargain between Defendant and purchasers of the Products.  Because those representations are material, false and misleading, Defendant has breached its express warranties as to the Products and has violated California Commercial Code § 2313.

43.     By violating the CLRA, the FTC Act, Business & Professions Code §§ 17500 and 17580.5, and California Commercial Code § 2313, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200.  Plaintiff would not have purchased the Products, or would not have paid as much for Products, but for Defendant's unlawful business practices.  Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

44.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

45.     Plaintiff would purchase the Products again in the future if they were truly compostable.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## SECOND CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Allege Violations of California Business & Professions Code § 17200,
*et seq*. Based on Fraudulent Acts and Practices)**

46.     Plaintiff realleges and incorporate herein by reference Paragraphs 1 through 45 of this Complaint.

47.     Under Business & Professions Code § 17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

48.     Defendant has engaged and continues to engage in conduct that is likely to deceive members of the public.  This conduct includes, but is not limited to, representing that the Products are compostable.

49.     Plaintiff purchased the Products in reliance on Defendant's representations that the Products are compostable.  Defendant's claims that the Products are compostable are material, untrue and misleading.  These compostable claims are prominent on all of Defendant's marketing, advertising and labeling materials, even though Defendant is aware that the claims are false and misleading.  Also, because Defendant's compostable claims violate Business & Professions Code

DOCUMENT PREPARED
ON RECYCLED PAPER

§ 17580.5, such claims are deceptive *per se*.  Defendant's claims deceived Plaintiff, who relied on those claims and are likely to deceive reasonable consumers.  Plaintiff would not have purchased the Products, or would not have paid as much for the Products, but for Defendant's false representations that the Products are compostable.  Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

50.     By committing the acts alleged above, Defendant has engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

51.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

52.     Plaintiff would purchase the Products again in the future if they were truly compostable.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## THIRD CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Allege Violations of California Business & Professions Code § 17200, *et seq*.
Based on Unfair Acts and Practices)**

53.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 52 of this Complaint.

54.     Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

55.     Defendant has engaged and continues to engage in conduct which is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.  This conduct includes, but is not limited to, advertising and marketing the Products as compostable when they are not.  By taking advantage of consumers concerned about the environmental impact of non-

DOCUMENT PREPARED
ON RECYCLED PAPER

sustainable waste, Defendant's conduct, as described herein, far outweighs the utility, if any, of such conduct.

56.     Defendant has engaged and continue to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods for sale.

57.     Defendant has also engaged and continue to engage in conduct that violates the legislatively declared policy of the Green Guides.  The Green Guides mandate that "it is deceptive to misrepresent, directly or by implication, that a product or package is compostable." 16 C.F.R. § 260.7(a).  It further states that "[a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of usable compost…in a safe and timely manner."  16 C.F.R. § 260.7(b).  Defendant's conduct also violates the policies underlying Business and Professions Code §17580.5, which prohibits untruthful, deceptive or misleading environmental marketing claims.  As explained above, the Products are not compostable and the PFAS contained within the Products do break down into useable compost over time.  Moreover, the PFAS contaminate the compost, thereby contaminating the soil treated with the compost.

58.     Defendant's conduct, including failing to disclose that the Products contain PFAS which cannot break down into usable compost, is substantially injurious to consumers.  Such conduct has caused and continues to cause substantial injury to consumers because consumers would not have purchased the Products but for Defendant's representations that the Products are compostable.  Consumers are concerned about environmental issues in general and PFAS contamination in particular.  Defendant's representations are therefore material to such consumers.  Misleading causes injury to such consumers that is not outweighed by any countervailing benefits to consumers or competition.  Indeed, no benefit to consumers or competition results from Defendant's conduct.  Defendant gains an unfair advantage over its competitors, whose advertising must comply with the CLRA, FTC Act, Cal. Business & Professions Code § 17580.5, and the Green Guides.  Since consumers reasonably rely on

Defendant's representations of the Products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

59.     Although Defendant knows that the Products are not compostable, Defendant failed to disclose that fact to Plaintiff and the Class.

60.     By committing the acts alleged above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code § 17200.

61.     An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

62.     Plaintiff would purchase the Products again in the future if they were truly compostable.

63.     Plaintiff would not have purchased the Products, or would not have paid as much for Products, but for Defendant's unfair business practices.  Plaintiff have thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## FOURTH CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself and the Class, Alleges Violations of the California Consumers Legal Remedies Act – Injunctive Relief and Damages)**

64.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 63 of this Complaint.

65.     Plaintiff and the Class members purchased the Products for personal, family or household purposes.

66.     The acts and practices of Defendant as described above were intended to deceive Plaintiff and the Class members as described herein and have resulted and will result in damages to Plaintiff and the Class members.  These actions violated and continue to violate the CLRA in at least the following respects:

DOCUMENT PREPARED ON RECYCLED PAPER

a. In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses or benefits which they do not;

b. In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular quality, which they are not; and

c. In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the Products without the intent to sell them as advertised.

67. By reason of the foregoing, Plaintiff and the Class members have suffered damages.

68. By committing the acts alleged above, Defendant violated the CLRA.

69. In compliance with the provisions of California Civil Code § 1782, on August 12, 2020, Plaintiff provided written notice to Defendant of her intention to seek damages under California Civil Code § 1750, *et seq.*, and requested that Defendant offer an appropriate consideration or other remedy to all affected consumers. As of the date of this complaint, Defendant has not done so. Accordingly, Plaintiff seeks damages pursuant to California Civil Code §§ 1780(a)(1) and 1781(a).

70. Pursuant to California Civil Code § 1780(a)(2) Plaintiff and the Class members are entitled to an order enjoining the above-described wrongful acts and practices of Defendant, providing actual and punitive damages and restitution to Plaintiff and the Class members, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## **FIFTH CAUSE OF ACTION**

**(Plaintiff, on Behalf of Herself and the Class, Allege Breach of Express Warranty)**

71.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 70 of this Complaint.

72.     The Uniform Commercial Code § 2-313 provides that an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the promise.

73.     As detailed above, Defendant marketed and sold the Products as compostable. Defendant's representations that the Products are compostable constitute affirmations of fact made with regard to the Products as well as descriptions of the Products.

74.     Defendant's representations regarding the compostability of the Products are uniformly made in the Products' advertising, internet sites and other marketing materials, and on the Products' labeling and packaging materials, and are thus part of the basis of the bargain between Defendant and purchasers of the Products.

75.     California has codified and adopted the provisions of the Uniform Commercial Code governing express warranties (Cal. Com. Code § 2313).

76.     At the time that Defendant designed, manufactured, sold and distributed the Products, Defendant knew that the Products were not compostable.

77.     As set forth in the paragraphs above, the Products are not compostable and thus do not conform to Defendant's express representations to the contrary.  Defendant has thus breached its express warranties concerning the Products.

78.     On August 12, 2020, Plaintiff sent a pre-suit demand letter to Defendant notifying Defendant that the Products are not compostable.  Defendant therefore has actual and constructive knowledge that the Products are not compostable and were thus not sold as marketed and advertised.

79.     As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and Class members have suffered damages.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## SIXTH CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself and the Class, Allege Unjust Enrichment)**

80.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 79 of this Complaint.

81.     Plaintiff and the Class members conferred benefits on Defendant by purchasing the Products.

82.     Defendant has knowledge of such benefits.

83.     Defendant voluntarily accepted and retained the benefits conferred.

84.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class members' purchases of the Products.

85.     Retention of that money under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented through its labeling, advertising and marketing materials that the Products are compostable when the Products are not in fact compostable.

86.     These misrepresentations and omissions caused injuries to Plaintiff and the Class members because they would not have purchased the Products, or would not have paid as much for the Products, had they known that the Products are not compostable, and instead, contaminate the compost stream.

87.     Because Defendant's retention of the non-gratuitous benefits conferred to them by Plaintiff and the Class members is unjust and inequitable, Defendant ought to pay restitution to Plaintiff and the Class members for its unjust enrichment.

88.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class members are entitled to restitution or disgorgement in an amount to be proved at trial.

Wherefore, Plaintiff prays for judgment against Defendant, as set forth hereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A.     That the Court declare this a class action;

DOCUMENT PREPARED
ON RECYCLED PAPER

B. That the Court preliminarily and permanently enjoin Defendant from conducting its businesses through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

C. That the Court order Defendant to cease and refrain from marketing and promotion of the Products that state or imply that the Products are compostable;

D. That the Court order Defendant to implement whatever measures are necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

E. That the Court order Defendant to notify each and every Class member of the pendency of the claims in this action in order to give such individuals an opportunity to obtain restitution and damages from Defendant;

F. That the Court order Defendant to pay restitution to restore all Class members all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair or fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

G. That the Court order Defendant to disgorge all money wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

H. That the Court award damages to Plaintiff and the Class to compensate them for the conduct alleged in this Complaint;

I. That the Court grant Plaintiff her reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5, the common fund doctrine, or any other appropriate legal theory; and

J. That the Court grant such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:    November 19, 2020               Respectfully submitted,

                                          LEXINGTON LAW GROUP


                                          */s/ Mark Todzo*
                                          Mark N. Todzo, (State Bar No. 168389)
                                          Meredyth Merrow, (State Bar No. 328337)
                                          LEXINGTON LAW GROUP
                                          503 Divisadero Street
                                          San Francisco, CA 94117
                                          Telephone: (415) 913-7800
                                          Facsimile: (415) 759-4112
                                          mtodzo@lexlawgroup.com
                                          mmerrow@lexlawgroup.com

                                          Attorneys for Plaintiff
                                          VELMA HERNANDEZ

CLASS ACTION COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER